IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40896
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GUADALUPE LANDEROS-TEJEDA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-100-1
- - - - - - - - - -
March 27, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Guadalupe Landeros-Tejeda ("Landeros") appeals his guilty

plea conviction and sentence for illegal reentry into the United

States by a previously deported alien in violation of 8 U.S.C.

§ 1326.  Landeros argues that: (1) his pre-deportation aggravated

felony conviction, which resulted in his increased sentence under

8 U.S.C. § 1326(b)(2), was an element of the offense that should

have been charged in his indictment and (2) his indictment was

insufficient because it failed to allege general intent or any

mens rea.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Landeros acknowledges that his first argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998), but he seeks to preserve the issue for possible Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, __, 120 S. Ct. 2348, 2362 & n.15 (2000). While the <u>Apprendi</u> court acknowledged that <u>Almendarez-Torres</u> may have been incorrectly decided, it did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2362 & n.15; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 2001 U.S. App. Lexis 1889 (Feb. 26, 2001). Landeros' argument is thus foreclosed by the Supreme Court's decision in <u>Almendarez-Torres</u>, 523 U.S. at 235, which this court is compelled to follow. <u>See</u> <u>Dabeit</u>, 231 F.3d at 984.

With respect to Landeros' second argument, this court's recent decision in <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233 (5th Cir. 2000), is dispositive. Landeros' indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that his reentry was a voluntary act in view of the allegations that he had been deported and removed and that he was present without having obtained the Attorney General's consent. Since Landeros failed to challenge the voluntariness of his entry, his indictment was statutorily sufficient. <u>See</u> <u>Guzman-Ocampo</u>, 236 F.3d at 239.

The district court's judgment is AFFIRMED.